IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ARNESHIA EARVIN,

    Plaintiff,

vs.

No. 04-3060-M1/P

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO EFFECT SERVICE OF PROCESS

---

    Plaintiff Arneshia Earvin, through her mother, Anita Earvin, filed a pro se complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983. As the complaint is plainly intended to be an appeal of the denial of disability benefits, the Court CONSTRUES the complaint as brought pursuant to 42 U.S.C. § 405(g). The Plaintiff's mother also filed an application to proceed in forma pauperis and a motion for appointment of counsel. Based on the information set forth in the mother's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the Defendant as Jo Anne Barnhart, Commissioner of Social Security.

    With respect to the motion seeking appointment of counsel, 28 U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____



counsel."[1] However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[2] At this stage of the proceedings, before the Court has had the opportunity to assess the strength of Plaintiff's case, the Court is unable to conclude that Plaintiff has satisfied that

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

[2] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

2

standard. Moreover, given that the Plaintiff's mother has attempted to contact only two attorneys, there is no reason to believe that an attorney cannot be located who would be willing to take the case. The motion for appointment of counsel is DENIED.

It is ORDERED that the Clerk shall issue process for the Defendant and deliver said process to the marshal for service. Service shall be made on the Defendant pursuant to Fed. R. Civ. P. 4(i)(2)(A).

It is further ORDERED that the Plaintiff shall serve a copy of every further document filed in this cause on the attorney for the Defendant, or on the Defendant if she has no attorney. The Plaintiff shall make a certificate of service on every document filed. The Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and this Court's local rules. The Plaintiff must promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this __11__ day of May, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:04-CV-03060 was distributed by fax, mail, or direct printing on May 16, 2005 to the parties listed.

---

Anita Earvin
4642 Hedges Avenue
Memphis, TN 38128

Honorable Jon McCalla
US DISTRICT COURT